40

MARK SCHMIDT, *Appellant*, v. GREAT NORTHERN RAILROAD COMPANY, *Respondent*.

*C. LeRoy Borders (Reiter, Day, Wall & Bricker, Carlton R. Reiter, Bemis, Breathouwer & Joseph,* and *George M. Joseph,* of counsel), for appellant.

*George C. Inman, Jr.,* for respondent.

HOROWITZ, C.J.—Plaintiff sued his employer for damages suffered when he fell from a locomotive on which he was working. The jury found for the defendant. Plaintiff appeals from the judgment entered on the verdict.

The question involved is whether a jury instruction and an answer to a question by the jury wrongfully injected

the issue of negligence and contributory negligence in a strict liability case brought under the Federal Boiler Inspection Act, 45 U.S.C. § 22 *et seq*. Plaintiff claims the jury was erroneously misled into believing that a verdict for plaintiff depended on whether defendant negligently caused the injuries for which plaintiff sued.

Defendant employed plaintiff as a brakeman. His job required that he assist in moving cars, and that he get on and off moving cars and locomotives on various terrains and under all kinds of conditions by the use of ladders and steps. Plaintiff, in order to get down from the locomotive, was required to face the engine, grasp two handrails, step down to the fourth or sill step, and descend to the ground.

On March 8, 1968, plaintiff was working on a locomotive running between Centralia and Longview. About 9 p.m., while the locomotive was moving slowly, he left the locomotive cab through a door on the left side. It was dark. He could not see the surface of the catwalk on the left side of the locomotive.

The evidence is in serious dispute concerning what happened between the time he left the locomotive cab and the time that he was injured. Plaintiff's theory, supported by evidence on his behalf, was that, after he left the locomotive cab, he walked forward on the surface of the 25-foot catwalk to the top step of the left front engine ladder. He then grabbed both safety rails and started to step down on the top step with his left foot. His foot slipped, he could not hold on, and he fell to the ground and was injured. Evidence on plaintiff's behalf showed that the catwalk was oily from leakage from the diesel locomotive or otherwise, and that the top of the step involved was worn shiny smooth.

Defendant's theory, supported by evidence on its behalf, including the testimony of plaintiff's fellow workmen at the time of the injury, was that there was no oil on the catwalk and that the top of the step involved was not worn. Defendant contended its evidence also showed that plaintiff sustained his injuries solely through his own negligence, namely, that plaintiff "fell because he swung onto the lad-

der with his body weight out from the ladder in violation of a company rule," and that "his method of dismounting the ladder was the sole cause of the accident."

Plaintiff originally sued on two theories of liability—negligence under the Federal Employers' Liability Act, 45 U.S.C. § 51, and strict liability under the Federal Boiler Inspection Act, 45 U.S.C. § 23. At the conclusion of the evidence, however, plaintiff elected to go to the jury only on the basis of a violation of the Federal Boiler Inspection Act. The jury found for the defendant and this appeal followed.

Plaintiff makes two assignments of error. They are sufficiently related to warrant their being discussed together. The basic thrust of the assignments is that the court's instructions confused the jury by wrongfully injecting into the trial the concepts of negligence and contributory negligence. We do not agree and affirm the judgment.

Before considering the assignments, a short statement of the applicable principles of liability is appropriate. The Federal Boiler Inspection Act, 45 U.S.C. § 23, reads:

> It shall be unlawful for any carrier to use or permit to be used on its line any locomotive unless said locomotive, its boiler, tender, and all parts and appurtenances thereof are in proper condition and safe to operate in the service to which the same are put, that the same may be employed in the active service of such carrier without unnecessary peril to life or limb, and unless said locomotive, its boiler, tender, and all parts and appurtenances thereof have been inspected from time to time  . . .

Under the Boiler Inspection Act, negligence is not the basis for liability, nor is contributory negligence a defense to a violation of the act. The parties do not contend to the contrary. As stated in *Lilly v. Grand Trunk W. R.R.*, 317 U.S. 481, 485, 87 L. Ed. 411, 63 S. Ct. 347 (1943):

> [The Act] "imposes upon the carrier an absolute and continuing duty to maintain the locomotive, and all parts and appurtenances thereof, in proper condition, and safe to operate  . . .  without unnecessary peril to life or limb."

If injuries are caused solely by the workman's own negligence, then such injuries cannot be said to be caused by the improper condition of the locomotive. *Miller v. Gulf, M. & O. R.R.*, 386 S.W.2d 97 (Mo. 1964); *Robison v. Chicago & E. Ill. R.R.*, 334 Mo. 81, 64 S.W.2d 660 (1933). *See* 2 M. Roberts, Federal Liabilities of Carriers § 874 (2d ed. 1929). A similar conclusion has been reached under the Federal Safety Appliance Act, 45 U.S.C. § 1 *et seq.* under which liability exists without regard to negligence. *Hallada v. Great Northern Ry.*, 244 Minn. 81, 69 N.W.2d 673, 682-83 (1955); *Coray v. Southern Pac. Co.*, 119 Utah 1, 223 P.2d 819 (1950); *Miller v. Gulf, M. & O. R.R., supra. See also* 2 E. Devitt & C. Blackmar, Federal Jury Practice and Instructions § 89.22 (2d ed. 1970).

■ In the instant case, the court's instruction No. 3, not assigned as error, stated the basis of liability as follows:

In order to recover, plaintiff has the burden of proving by a fair preponderance of the evidence that the top step on the front side ladder or the left catwalk of the locomotive involved here was not in proper condition and was not safe for service to which the same was put, so that it constituted an unnecessary peril to life and limb, and that such condition or conditions contributed to causing injury to plaintiff.

By instruction No. 4 the court stated:

Under the law, plaintiff's contributory negligence, if any, would not prevent recovery. If the injury was caused entirely by his own negligence then he cannot recover.

Plaintiff's sole exception to instruction No. 4, taken pursuant to the requirements of CR 51(f), is as follows:

MR. REITER: I take exception to No. 4 because contributory negligence has no part in this case, none at all. It is strict liability.

CR 51(f) provides that the objector shall state "distinctly the matter to which he objects and the grounds of his objection, specifying the . . . particular part of the instruction to be given . . . and to which objection is

made." The obvious purpose of CR 51 (f) is to enable the court to understand the objection and to correct the instruction to the extent that it is incorrect.

In the instant case, plaintiff relies on the exception above quoted contained in his assignment of error dealing with instruction No. 4. He does not here contend that the colloquy following the taking of that exception enlarged the grounds contained in the exception quoted. So considered, it is apparent his exception was directed solely to the first sentence of the instruction dealing with contributory negligence. It included no claim that any part of the instruction incorrectly stated the law, or was not based on substantial evidence, or was inconsistent with instruction No. 3, or wrongfully suggested that the plaintiff could not recover unless the defendant was negligent. It is to be noted that error is not assigned to the refusal to give a requested instruction. The error claimed at best is that the first sentence dealing with contributory negligence, even though correct so far as it went, did not go far enough. Such an error, if error it be, is one of "nondirection, not misdirection." *State v. Mayner*, 4 Wn. App. 549, 552, 483 P.2d 151 (1971).

Furthermore, in the colloquy immediately following the taking of the exception to instruction No. 4, the court offered to strike the reference to contributory negligence if plaintiff so requested. The court had a right to believe from that colloquy that his offer was not accepted. He then gave the instruction on contributory negligence contained in the instruction because, as the court earlier explained, "I put it in for your benefit."

On appeal, notwithstanding the character of the quoted exception taken, plaintiff seemingly argues that instruction No. 4 should not have been given at all. He contends that that instruction wrongfully injected into a strict liability case the concepts of negligence and contributory negligence after plaintiff had elected to base his sole relief on the Boiler Inspection Act. To help prove his contention the jury was misled or confused, he calls attention to a question

propounded by the jury after they retired to consider their verdict and assigns error to the court's answer to that question. The record shows that the jury retired at 11:05 a.m. to consider their verdict. At approximately 3:10 p.m., the jury sent in the following question for answer:

Does the *mere* presence of oil or grease on the stair or the catwalk put the railroad in the position of negligence?

The court discussed with counsel the nature of the answer to be given to the question. Plaintiff's counsel suggested that the answer include reference to instruction No. 3. He also orally requested that the jury be instructed "that negligence plays no part in this case." The jury was then brought in. The court then answered the question as follows: "No. See Instruction No. 3." Approximately 10 minutes after the court's answer, the jury returned a verdict for the defendant railroad.

█ Plaintiff argues that the nature of the question, coupled with the prompt verdict after the answer was given, shows that the jury based their verdict on the absence of defendant's negligence. He suggests how the court might have instructed the jury to avoid confusion. His suggestions are based on 2 E. Devitt & C. Blackmar, Federal Jury Practice and Instructions § 89.22 (2d ed. 1970). He does not claim that he requested the court to give the instructions which he now proposes, nor does he assign error on appeal to the court's refusal to give such clarifying instructions. CAROA 43. Furthermore, his argument overlooks the effect to be given to that portion of the answer reading "See Instruction No. 3." Presumably, the jury followed the court's instruction to look at instruction No. 3. *State v. Rockett,* 6 Wn. App. 399, 493 P.2d 321 (1971). *See State v. Mayner, supra.* Instruction No. 3 emphasizes the fact that the correct inquiry to determine liability was not the existence of negligence, but rather whether the locomotive was "in proper condition and safe to operate . . . without unnecessary peril to life or limb." If the jury were confused prior to sending in their question for answer, the reading of

46

instruction No. 3 apparently removed any such confusion. Presumably, the jury found for the defendant on the basis of accepting evidence introduced on defendant's behalf.

We cannot speculate that the jury disregarded instruction No. 3, which they were directed to read. Instruction No. 4 is clear and is not reasonably susceptible to misinterpretation. As pointed out, instruction No. 4 correctly states the law. We cannot hold that it is error to give a correct instruction required because a possible misreading of that instruction might lead the jury into error.

The judgment is affirmed.

WILLIAMS and CALLOW, JJ., concur.

Petition for rehearing denied July 17, 1972.

Review denied by Supreme Court September 20, 1972.